CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 06 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **MARVIN TYRONE WILLIAMS,** | ) | Civil Action No. 7:17-cv-00038 |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By:   Hon. Michael F. Urbanski** |
| **FREDDRICK MOSES,** | ) | **United States District Judge** |
| **Defendant.** | ) | |

Marvin Tyrone Williams, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff names Dr. Freddrick Moses of the New River Valley Regional Jail as the sole defendant.  Plaintiff alleges:

> This facility, knowingly, under the care of Doctor Freddrick Moses, neglected my medical needs concerning my diabetes condition such as stick tests, AIC testing, di[]lated eye exams, microalbumin [sic] test, etc. (paperwork included).  This facility, knowingly, under the care of Doctor Frederick Moses neglected my medical needs concerning my sinus infection (paperwork included).

The referenced paperwork includes jail grievances and requests for services, none of which bear Dr. Moses' signature or notes.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true.  A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

The complaint fails to state a claim upon which relief may be granted. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to allege Dr. Moses' deliberate indifference to a serious medical need beyond labels and conclusions. Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). Here, Plaintiff alleges, at most, negligent care at the facility under the supervision of Dr. Moses, but claims of negligence or medical malpractice are not cognizable in a § 1983 proceeding. See, e.g., Estelle, 429 U.S. at 105-06; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986). Furthermore, Plaintiff does not allege any personal act or omission by Dr. Moses, and Dr. Moses cannot be liable under the theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Riverside v. McLaughlin, 500 U.S. 44, 47 (1991).  Accordingly, the complaint is dismissed without prejudice.

Plaintiff is granted seven days' leave to file an amended complaint.  If the court does not receive anything from Plaintiff within fourteen days, the Clerk may strike the case from the active docket, and Plaintiff may thereafter file his claims in a new and separate action at the time of his choice subject to the applicable limitations period.

ENTER: This ____ day of ~~March,~~ April 2017.

/s/ Michael F. Urbanski

United States District Judge